UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ELI ARANCIBIA GONZALEZ (A-246-130-712),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRAITON PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07616 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Ruben Eli Arancibia Gonzalez (A-246-130-712), a native of Nicaragua who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on November 4, 2022, was initially detained by Customs and Border Protection inside the United States, and was released on November 5, 2022 on his own recognizance pursuant to 8 U.S.C. § 1226. On June 27, 2026, petitioner was arrested and re-detained and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND

Petitioner is a 29-year old citizen and native of Nicaragua. (ECF No. 5-1 at 1.) On November 4, 2022, petitioner entered the United States and was detained by U.S. Customs and Border Protection. (ECF No. 5-1 at 3) On November 5, 2022, petitioner was released on his own recognizance under 8 U.S.C. § 1226, Section 236 of the Immigration and Nationality Act ("INA"), as documented in Form I-200A. (Id.) On June 27, 2026, petitioner was re-detained by Immigration and Customs Enforcement ("ICE") and has been in continuous detention since then.[2] (ECF No. 1 at 2; ECF No. 5 at 1.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (ECF No. 1 at 2.) Respondent does not contest petitioner's factual allegations. (See ECF No. 5.)

On September 18, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On October 5, 2026, respondent timely filed an answer. (ECF No. 5.) On October 8, 2026, petitioner filed a reply. (ECF No. 6.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533

[2] Petitioner indicated that he was re-detained by ICE on June 30, 2026. (ECF No. 1 at 2.) However, respondent asserts the re-detention date as June 27, 2026. (ECF No. 5 at 1.) Respondent submitted documentation that also indicates the re-detention date as June 27, 2026. (ECF Nos. 5-1 at 2, 5-2, 5-3, and 5-5.) Though the Court need not resolve this factual dispute as it does not impact the resolution of the petition, the Court accepts the re-detention date provided by respondent.

U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his re-detention as a due process claim under the Fifth Amendment, and is not limited to a claim challenging his detention as prolonged. (See ECF No. 1.) The Court also notes that respondent did not address prolonged detention in their response, and are therefore not prejudiced by the Court's construction. (See ECF No. 5.) Petitioner asserts that "ICE has not provided him with a clear explanation of the statutory authority or specific reason for his continued detention." (ECF No. 1 at 2.) Respondent concedes that petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 5 at 1.) Respondent does not argue that petitioner is a flight risk or a danger to the community.[3] (See ECF No. 5.)

This Court agrees that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner was expressly released on his own recognizance pursuant to § 1226, he has resided in this country for over 3.5 years since his release in November 2022, and petitioner's June 2026 arrest and re-detention were not upon arrival to the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F.4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have

---

[3] Respondent contends generally that petitioner "was detained due to his criminal history." (ECF 5 at 2.) However, petitioner has no criminal convictions, and his criminal arrests have not resulted in prosecution. (See ECF No. 5-6.) The most recent arrest in June 2026, which led to ICE detaining petitioner, was rejected for prosecution. (Id. at 6.)

been provided a bond hearing before re-detention and is entitled to relief on the statutory claim.

Respondent asserts that a "custody re-determination" was conducted. (ECF No. 5 at 1.) However, respondent references Form I-286, which documents ICE's initial custody determination. (ECF No. 5-5.) See Zurita Navarro v. Warden, No. 1:26-cv-05661-DAD-SC, 2026 WL 2294963, at *1-2 (E.D. Cal. Aug. 10, 2026) (quoting Garcia-Maya v. Blanche, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (explaining the process available under 8 U.S.C. § 1226(a) including the distinction of "the requirement that an ICE officer with designated authority conduct an initial custody determination at the outset of detention" and "the right to seek review of an ICE officer's initial custody [re-]determination through a prompt bond hearing before an immigration judge based on individualized evidence.") Respondent also concedes that petitioner is eligible for a bond hearing under § 1226(a). (ECF No. 5 at 1.) The Court interprets respondent's concession as confirmation that petitioner has not been provided with a bond hearing before an immigration judge.

Despite petitioner's request to have ICE's initial custody determination reviewed by an immigration judge, petitioner has been denied this right to date. See Zurita Navarro, 2026 WL 2294963 at *2 ("failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements."). Respondent has provided no explanation for the delay. (See ECF No. 5.) Therefore, the Court recommends granting the petition and ordering petitioner's immediate release. See Huerta Huerta v. Warden, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *2 (E.D. Cal. June 2, 2026) ("In cases such as petitioner's, where the government has not advanced any argument or provided any evidence that petitioner poses a danger to the community or a flight risk, and petitioner has been denied his statutory right to a bond hearing for months, the court finds that release is the appropriate remedy.").

**IV. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release petitioner Ruben Eli Arancibia Gonzalez (A-246-130-712) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondent have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondent be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

aran7616.imm.frs/10